UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF GEORGIA

SAVANNAH DIVISION

| | |
|---|---|
| LINDA MOBLEY, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) Case No. CV407-010 |
| | ) |
| SOCIAL SECURITY ADMINISTRATION, | ) |
| | ) |
| Defendant. | ) |

### REPORT AND RECOMMENDATION

On February 2, 2007, this Court entered an order directing plaintiff to resubmit her IFP application, to recast her complaint in a fashion consistent with the Federal Rules of Civil Procedure, and to submit proof that she had pursued her administrative remedies. Doc. 3. The Court afforded plaintiff twenty days to comply with its order. Twenty days have passed and plaintiff has failed to submit any of the above information or any other document in response to the Court's order.

A district court retains the inherent power to police its docket and to enforce its orders. Link v. Wabash Railroad Co., 370 U.S. 626, 630-31 (1962); Mingo v. Sugar Cane Growers Co-op, 864 F.2d 101, 102 (11th Cir.

1989); Jones v. Graham, 709 F.2d 1457, 1458 (11th Cir. 1983); Brown v. Tallahassee Police Dept., 2006 WL 3307444, *1 (11th Cir. 2006). Under the Federal Rules of Civil Procedure, a complaint may be dismissed either for failure to prosecute or for failure to comply with an order of the court. Fed. R. Civ. P. 41(b). Additionally, this Court's Local Rules provide that the Court may dismiss an action for want of prosecution when a party has "willful[ly] disobe[yed] . . . any order of the Court" or for "[a]ny other failure to prosecute a civil action with reasonable promptness." L.R. 41.1 (b), (c).

"[O]nce a *pro se* IFP litigant is in court, he is subject to the relevant law and rules of court, including the Federal Rules of Civil Procedure." Moon v. Newsome, 863 F.2d 835, 837 (11th Cir. 1989). Plaintiff's willful disregard of an order of this Court and failure to prosecute her action warrants a dismissal of this case under Rule 41(b). No lesser sanction short of dismissal appears appropriate given plaintiff's failure to show any interest in prosecuting this action. Mingo v. Sugar Cane Growers, 864 F.2d 101, 102 (11th Cir. 1989); Goforth v. Owens, 766 F.2d 1533, 1534 (11th Cir. 1985). Accordingly, it is recommended that this case be DISMISSED for

failure to prosecute and failure to comply with this Court's order.

**SO REPORTED AND RECOMMENDED** this 20TH day of March, 2007.

                                                  */s/ G.R. Smith*
                                                 UNITED STATES MAGISTRATE JUDGE
                                                 SOUTHERN DISTRICT OF GEORGIA